Andrew J. Sommer, State Bar No. 192844
Megan S. Shaked, State Bar No. 274174
CONN MACIEL CAREY LLP
870 Market Street, Suite 1151
San Francisco, California 94102
Telephone: (415) 268-8894
Facsimile: (415) 268-8889
asommer@connmaciel.com
mshaked@connmaciel.com

Attorneys for Defendants,
ESA P PORTFOLIO OPERATING LESSEE LLC
and ESA MANAGEMENT, LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE ESTRADA,<br><br>Plaintiff,<br><br>v.<br><br>ESA P PORTFOLIO OPERATING LESSEE LLC, a Delaware Limited Liability Company; and ESA Management, LLC, a Delaware Limited Liability Company; and Does 1-10,<br><br>Defendants. | **CASE NO. 2:20-cv-10767**<br><br>**NOTICE OF REMOVAL**<br><br>[Civil Case Cover Sheet and Certificate of Interested Parties, Filed and Served Concurrently Herewith]<br><br>**JURY DEMAND**<br><br>Los Angeles Superior Court Complaint filed on October 22, 2020<br><br>Removal Date:   November 25, 2020<br><br>Trial Date:   None Set |

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that Defendants ESA P Portfolio Operating Lessee LLC and ESA Management, LLC ("Defendants" or "ESA"), hereby file this Notice of Removal, pursuant to 28 U.S.C. §§ 1331, 1332 and 1441 based on federal question and diversity jurisdiction, in order to effect the removal of the above-captioned action from the Superior Court of the State of California for the County of Los Angeles.  Defendants state that removal is proper for the following reasons:

///

///

1

**PLEADINGS, PROCESS, AND ORDERS**

1.      On October 22, 2020, Plaintiff Jose Estrada ("Plaintiff") filed a Complaint ("the Complaint") in the Superior Court for the County of Los Angeles entitled *Jose Estrada, an individual, v. ESA P Portfolio Operating Lessee LLC, a Delaware Limited Liability Company; and Does 1-10, inclusive*, Case No. 20TRCV00767 ("State Court Action").  On November 18, 2020, Plaintiff filed a First Amended Complaint to add Defendant ESA Management, LLC.  Plaintiff, who is mobility impaired, contends that he was unable to obtain enough information through the website for the Extended Stay America LAX Airport Hotel ("Hotel") to determine whether the Hotel met his accessibility needs.  Complaint, ¶¶ 1, 16-18.  He also contends that Defendants do not have a policy ensuring that individuals with disabilities can make reservations for accessible guest rooms during the same hours and in the same manner as individuals who do not need accessible rooms.  *Id*. at ¶ 23.  Specifically, the Complaint purports to state one cause of action for violation of the Americans with Disabilities Act of 1990 ("ADA") and a second cause of action for violation of the Unruh Civil Rights Act, California Civil Code §§ 51-53*,* alleging a failure to comply with the ADA with respect to its reservation policies and practices.

2.      A true and correct copy of the Summons, Complaint, and related records in the State Court Action that Defendant ESA P Portfolio Operating Lessee LLC received on or about October 28, 2020 is attached to this Notice of Removal as **Exhibit "A"** and incorporated herein by reference.  A true and correct copy of the First Amended Complaint that Defendants obtained through the state court website on or about November 24, 2020 is attached to this Notice of Removal as **Exhibit "B"** and incorporated herein by reference.  The case was filed as an Unlimited Jurisdiction case with the amount demanded *exceeding* $25,000. *See* Ex. A, Civil Case Cover Sheet.  On November 25, 2020, Defendants filed an answer to the First Amended Complaint in the State Court Action.  A true and

2

1   correct copy of the answer is attached hereto as **Exhibit "C"** and incorporated

2   herein by reference.

3         3.     The documents attached as Exhibits A and C constitute all pleadings,

4   process, and orders served on and by Defendants in the State Court Action.

5   **TIMELINESS OF REMOVAL**

6         4.     This Notice of Removal is timely pursuant to 28 U.S.C.

7   section 1446(b) because it is being filed within 30 days of receipt of the Complaint

8   by Defendants.

9   **BASIS FOR REMOVAL:  DIVERSITY OF CITIZENSHIP**

10        5.     For diversity purposes, a person is a "citizen" of the state in which he

11  is domiciled.  See *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th

12  Cir. 1983).  "A person's domicile is [his] permanent home, where [he] resides with

13  the intention to remain permanently or indefinitely."  *Kanter v. Warner-Lambert*

14  *Co.*, 265 F.3d 853, 857 (9th Cir. 2001); see *Lew v. Moss*, 797 F.2d 747, 749-750

15  (9th Cir. 1986).

16        **Plaintiff is a Citizen of California**

17        6.     In the Complaint and First Amended Complaint, Plaintiff alleges that

18  he is a resident of the State of California.  Complaint, ¶ 1; First Amended

19  Complaint ¶ 1.  A party's residence is *prima facie* evidence of domicile.  *State*

20  *Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994); *Stine v.*

21  *Moore*, 213 F.2d 446, 448 (5th Cir. 1954).

22        7.     Accordingly, Plaintiff was at the time of filing of the State Court

23  Action domiciled in California and, therefore, a citizen of California.

24        **Defendants are Citizens of Delaware**

25        8.     Defendants are now and were at the time of the filing of the State

26  Court Action, citizens of a state other than California within the meaning of 28

27  U.S.C. section 1332(c)(l).

28        9.     Pursuant to 28 U.S.C. section 1332(c)(l), "a corporation shall be

1  deemed to be a citizen of every state...by which it has been incorporated and of the

2  State and...where it has its principal place of business ...."  The United States

3  Supreme Court's decision in *The Hertz Corp. v. Friend*, 130 S.Ct. 118, 1192 (2010)

4  clarified the meaning of section 1332(c) by holding that a corporation's "principal

5  place of business" for determining its citizenship is the corporation's "nerve

6  center," which is "where a corporation's officers direct, control, and coordinate the

7  corporation's activities."

8       10.    Defendants were, at the time of the filing of the State Court Action,

9  and remain, incorporated under the laws of the Delaware with their principal place

10  of business located in Charlotte, North Carolina.  At all times since the filing of the

11  State Court Action, the majority of Defendants' officers have worked from their

12  headquarters in Charlotte, North Carolina.

13       11.    Therefore, Defendants are citizens of Delaware for diversity purposes.

14       **The Doe Defendants' Citizenship Has No Bearing on Diversity**

15       12.    The presence of Doe defendants in this case has no bearing on

16  diversity of citizenship for removal purposes.  28 U.S.C. § 1441(b)(1) ("[i]n

17  determining whether a civil action is removable…the citizenship of defendants sued

18  under fictitious names shall be disregarded").  Thus, the existence of Does 1

19  through 10 does not deprive this Court of jurisdiction.

20       **The Amount in Controversy Exceeds $75,000**

21       13.    The amount in controversy exceeds the sum of $75,000, exclusive of

22  interest and costs.

23       14.    For diversity purposes, the removing party need only establish by a

24  preponderance of the evidence that the plaintiff's claims are likely to exceed the

25  jurisdictional minimum.  *Sanchez v. Monumental Life Ins.*, 102 F.3d 398, 404 (9th

26  Cir. 1996)(defendant must show "that it is 'more likely than not' that the amount in

27  controversy exceeds [the threshold] amount").  The amount in controversy is

28  determined from the allegations or the prayer of the complaint, as well as the

removal petition.  *St. Paul Mercury Indem. Co v. Red Cab Co.*, 303 U.S. 283, 289, 58 S.Ct. 586, 590 (1938); *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004) (finding that the court may consider facts presented in the removal petition in an amount-in-controversy inquiry).  Potential defenses to all or part of the claim do not affect the amount in controversy.  *Riggins v. Riggins*, 415 F.2d 1259, 1261-1262 (9th Cir. 1969).

15.    Courts may consider the aggregate value of claims for damages, injunctive relief and attorney's fees and costs in determining whether a complaint meets the amount-in-controversy threshold under 28 U.S.C. § 1332(a).  See, e.g., *In re Ford Motor Co./Citibank, 264 F.3d 952, 958* (9th Cir. 2001)(amount in controversy may include the cost of complying with an injunction); *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998) (attorney's fees may be counted towards amount in controversy if recoverable under statute or contract).

16.    In the First Amended Complaint, Plaintiff alleges that he visited the Hotel's website, that the lack of information "caused discomfort" or him and that he has otherwise been "deterred" from accessing the Hotel.   Complaint, ¶¶ 16, 19 and 20.  Plaintiff seeks an award of actual damages and a statutory minimum of $4,000 for each offense.  Complaint, Prayer ¶ 2.  For each and every visit or deterred visit, disabled individuals may recover under the Unruh Act "actual damages, and any amount that may be determined by a jury, or a court sitting without a jury, up to a maximum of three times the amount of actual damages but in no case less than four thousand dollars ($4,000)…."  Cal. Civil Code §52(a); see Cal. Civil Code §55.56(f) (statutory damages may be assessed based on "each particular occasion that the plaintiff was denied full and equal access....").

17.    In addition, Plaintiff seeks injunctive relief "compelling Defendants to comply with the Americans with Disabilities Act and the Unruh Civil Rights Act."  Complaint, Prayer, ¶ 1.  The amount in controversy includes the cost of complying with such an injunction.  *In re Ford Motor Co./Citibank, supra, 264 F.3d at 958*;

5

*Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1034, (N.D. Cal. 2002). A recent decision suggests that the minimum cost of modifying a website may exceed $250,000. *Gil v. Winn-Dixie Stores, Inc*., Civil Action No. 16-23020-Civ, 2017 U.S. Dist. LEXIS 90204 (S.D. Fla. June 12, 2017).

18. Including the attorney's fees and costs that Plaintiff seeks to recover, it is more likely than not that the amount in controversy will exceed $75,000. *Sanchez*, supra, 102 F.3d at 404. Accordingly, the amount in controversy requirement has been met and this action is removable under 28 U.S.C. §§ 1332 and 1441.

**BASIS FOR REMOVAL: FEDERAL QUESTION**

19. Alternatively, this is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1331 and is one which may be removed to the United States District Court by Defendants pursuant to 28 U.S.C. §§ 1331 and 1441, because it asserts a claim against Defendants which arises under a federal statute.

20. Plaintiff's claims are based on alleged violations of the federal Americans with Disabilities Act of 1990. Complaint, ¶¶ 21-23. A violation of the ADA is considered a violation of the Unruh Act. Cal. Civil Code §51(f). The Unruh Act does not impose any express requirements concerning the accessibility of commercial websites for disabled persons.

21. Because Plaintiff's claims meet the federal question requirements of 28 U.S.C § 1331, it could have been filed in this Court; therefore, Defendants may remove it pursuant to 28 U.S.C. § 1441.

**VENUE**

22. Plaintiff originally filed this action in the Superior Court of the State of California, County of Los Angeles. The County of Los Angeles lies within the jurisdiction of the United States District Court, Central District of California. Therefore, venue also lies in the Central District of this Court pursuant to 28 U.S.C. §§ 84(c), 1441(a), and 1446(a). This Court is the United States District Court for

6

the district within which the State Court Action is pending.  Thus, venue lies in this Court pursuant to 28 U.S.C. § 1441(a).

**SERVICE OF NOTICE OF REMOVAL ON STATE COURT**

23.    A true and correct copy of this Notice of Removal will be promptly served on Plaintiff and filed with the Clerk of the Superior Court of the State of California, County of Los Angeles, as required under 28 U.S.C. § 1446(d).

WHEREFORE, Defendants pray that this civil action be removed from the Superior Court of the State of California, County of Los Angeles, to the United States District Court for the Central District of California.

DATED: November 25, 2020                    CONN MACIEL CAREY LLP


By:    /s/ Megan S. Shaked
Megan S. Shaked
Attorneys for Defendants
ESA P PORTFOLIO OPERATING
LESSEE LLC
and ESA MANAGEMENT, LLC